**Dinesh MANIAR; Amphora Wine Company, Inc., Plaintiffs–Appellees,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Valley State Bank; Federal Deposit Insurance Corporation, in its separate corporate capacity, Defendants–Appellants,**

**and**

**Capital Bank of California, a California Corporation; Jules Huppert, Individually; William William Jacoby, Inc., a California Corporation; Sacco Insurance Company, a California Corporation; Title Trust Deed Service Company, Inc., a California Corporation, Defendants.**

No. 90–16252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1992.

Decided Nov. 16, 1992.

Daniel H. Kurtenbach, F.D.I.C., Washington, D.C., for defendants-appellants.

James M. Hanavan, Diane R. Crowley, Gordon & Rees, San Francisco, Cal., for plaintiffs-appellees.

Before: ALARCON, BOOCHEVER, and HALL, Circuit Judges.

BOOCHEVER, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC") appeals the district court's order remanding this case to state court. The FDIC argues that the district court lacked the authority to remand the case *sua sponte* more than 30 days after its removal to federal court and, alternatively, that the district court erred by finding that the FDIC had untimely removed the case from state court. We conclude that the district court did not have the authority to remand the case after the 30–day period had expired. Accordingly, we vacate the district court's order and remand the case to the district court.

## BACKGROUND

Plaintiffs–Appellees Dinesh Maniar and Amphora Wine Company (together, "Maniar") bought a racehorse from Valley State Bank ("Valley") for $550,000. Valley financed the purchase and took back a promissory note, a guaranty, a chattel mortgage on the horse, and a deed of trust on Maniar's ranch (together, "Maniar paper").

Maniar brought this suit against Valley for fraud, breach of contract, misrepresentation, and rescission after allegedly learning that the racehorse was worth less than Valley had represented.

On September 28, 1987, approximately three months after Maniar filed suit, the Superintendent of Banks for the State of California took possession of Valley and appointed the FDIC as receiver. The FDIC in its receiver capacity ("FDIC/Receiver") sold the Maniar paper to Capital Bank of California ("Capital") pursuant to a Purchase and Assumption Agreement. As part of the arrangement, the FDIC agreed to indemnify Capital for any liabilities associated with the Maniar paper.

On January 19, 1988, the parties stipulated to an order substituting FDIC/Receiver into the lawsuit in place of Valley. On June 1, 1988, Maniar amended his complaint to include FDIC/Receiver as a defendant.

On May 25, 1989, almost a year after Maniar amended his complaint, FDIC/Receiver repurchased the Maniar paper from Capital. That same day, the FDIC in its corporate capacity ("FDIC/Corporate") purchased the Maniar paper from FDIC/Receiver.

The state court substituted FDIC/Corporate for Capital in the lawsuit on July 10, 1989. On July 27, 1989, FDIC/Corporate removed the case to the United States District Court for the Northern District of California. Thus the case was removed to federal court seventeen days after FDIC/Corporate was substituted, but more than a year after Maniar named FDIC/Receiver as a defendant.

On January 25, 1990, almost six months after removal, the district court remanded the case *sua sponte* to state court. The district court interpreted the FDIC removal statute, 12 U.S.C. § 1819(b)(2)(B),[1] to require the FDIC to re-

---

1. During the course of this litigation, three different versions of § 1819(b)(2)(B) have existed. The original version permitted the FDIC to remove an action from state court subject to "any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819 (Fourth) (1988) ("original version"). This provision was interpreted to incorporate the 30–day removal period under the general removal statute found at 28 U.S.C. § 1446. *See, e.g., In re Federal Sav. & Loan Ins. Corp.,* 837 F.2d 432, 435 (11th Cir.1988). The

# 784

move a case within 30 days of becoming a party to a lawsuit. It held that because the FDIC had been a party to the case at least since June 1988, the FDIC's removal to federal court in July 1989 was untimely. The FDIC timely appealed to this court after its motion for reconsideration was denied. We have jurisdiction to hear the FDIC's appeal pursuant to 12 U.S.C. § 1819(b)(2)(C).[2]

## DISCUSSION

This case requires us to assess the district court's authority to remand a case *sua sponte* to state court after the 30–day period permitted for motions to remand has expired with no action by the parties. *See* 28 U.S.C. § 1447(c) (1988). Alternatively, we are asked to determine which version of the FDIC removal statute, 12 U.S.C. § 1819(b)(2)(B), applies to this action and to interpret when the removal period begins under the appropriate statute. These are questions of statutory interpretation and are reviewed *de novo*. *Smith v. Brady*, 972 F.2d 1095, 1098 (9th Cir.1992) (interpretation of statutes subject to *de novo* re-

view); *see Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 319 (5th Cir.1992) (interpretation of 12 U.S.C. § 1819(b)(2)(C) and 28 U.S.C. § 1447(c) subject to *de novo* review).

■ The procedure for remanding a case to state court is found at 28 U.S.C. § 1447(c), which reads in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1988). Two issues arise under this statute: (1) whether the untimely removal of a case creates a jurisdictional defect under § 1447(c); and, if not, (2) whether § 1447(c) prohibits a district court from remanding a case *sua sponte* on procedural grounds more than 30 days after the case was removed. We hold that untimely removal is a procedural defect and not jurisdictional, and that

original version was in effect when the FDIC removed this case on July 27, 1989.

Congress amended § 1819 under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183, 216 (1989) ("FIRREA version"). The amendment eliminated the aforementioned language but failed to specify whether the general removal statute continued to apply. 12 U.S.C. § 1819(b)(2)(B) (Supp. II 1990) ("[T]he Corporation [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court."). The FIRREA version was operational when the district court remanded this case on January 25, 1990.

Congress again amended § 1819 under the Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. No. 102–242, § 161(d), 105 Stat. 2236, 2286 (1991). The current version reads:

[T]he Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C.A. § 1819(b)(2)(B) (West Supp.1992).

**2.** Notwithstanding 28 U.S.C. § 1447(d), § 1819(b)(2)(C) confers appellate jurisdiction to

review an order remanding a case to state court when the FDIC appeals such an order. This provision conferring appellate jurisdiction was enacted on August 9, 1989 under the FIRREA Act of 1989, Pub.L. No. 101–73, § 209(4), 103 Stat. 183, 217. The enactment occurred before the district court decided this case and before the FDIC timely filed its notice of appeal. Thus, the provision was in effect at the time that appellate jurisdiction became an issue. Accordingly, by acknowledging our appellate jurisdiction, we have applied the law in effect at the time this appeal was filed and have not applied § 1819(b)(2)(C) retroactively.

As noted in footnote 1, *supra,* however, various versions of the removal statute, 12 U.S.C. § 1819(b)(2)(B), have existed during this litigation. Both the FIRREA version and the current version were enacted after the FDIC removed the case and, therefore, after the untimely removal question arose. This is distinguishable from § 1819(b)(2)(C), which was enacted before the question of appellate jurisdiction arose. Therefore, were we to reach the issue of whether the FDIC's removal was untimely, we would need to decide whether to apply the most recent version of § 1819(b)(2)(B) retroactively. Because we do not reach the question of untimely removal, we need not decide the retroactivity question.

§ 1447(c) limits a district court's power to remand a case *sua sponte* for such a procedural defect. Consequently, we need not decide whether the FDIC's removal in this case was untimely.

The district court remanded this case after it had been filed with the court for more than five months because it found that the FDIC had not removed the case from state court within the proper time frame. Neither Plaintiffs–Appellees nor any other party had objected to the FDIC's removal nor sought a remand of the FDIC's action. If the district court lacked subject matter jurisdiction because of untimely removal, it could—indeed was required to—remand the case at any time before final judgment. *Id.* We agree with the Fifth Circuit, however, that untimely removal is a procedural rather than a jurisdictional defect. *Loyd*, 955 F.2d at 320–21; *see also* Siegel, *Commentary on 1988 Revision*, 28 U.S.C.A. § 1447(c) (West Supp. 1992) (30–day limit on remanding a case applies to "mere defect in the procedure used in the removal process, e.g., where the case was removed after the time allowed for it by subdivision (b) of § 1446."). Thus the question is whether the 30–day limitation for a motion to remand on procedural grounds under § 1447(c) limits a district court's authority to remand a case *sua sponte* on such grounds.

▄▄ Whether a district court has unlimited discretion to remand a case has been only partially resolved. The Supreme Court has held that a district court "exceed[s] its authority in remanding on grounds not permitted by [§ 1447(c) ]." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976) (district court erred in remanding on the grounds that its docket was overcrowded since such grounds are not contemplated in § 1447(c)); *cf. Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 355–56, 108 S.Ct. 614, 621–22, 98 L.Ed.2d 720 (1988) (limiting *Thermtron* to cases where district court has no discretion to decline jurisdiction). Although *Thermtron* makes clear that a district court's *authority* to remand a case derives from § 1447(c),

it does not address whether the district court is bound by the *procedural* limits under the statute.

We have not yet ruled on this question. Both the Third and Fifth Circuits, however, have held that a district court cannot remand a case *sua sponte* based on procedural defects after the 30–day period to remand under § 1447(c) has expired. *Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316 (5th Cir.1992); *Air–Shields, Inc. v. Fullam*, 891 F.2d 63 (3rd Cir.1989).

The court in *Loyd* undertook a comprehensive analysis of the matter. The court based its decision on the plain language of § 1447(c) and on the policy behind the statute. It rejected the argument that the term "motion" in § 1447(c) applied only to the parties and not to the court because several Federal Rules "refer ... to actions undertaken by the court as 'motions.'" *Loyd*, 955 F.2d at 321. Accordingly, it refused to restrict the application of § 1447(c) to parties. *Id.* at 322; *accord Air Shields*, 891 F.2d at 65. Moreover, the court noted that the intent of § 1447(c) was to prevent the "shuffling [of] cases between state and federal courts after the first thirty days" based on procedural defects when each court has subject matter jurisdiction. *Loyd*, 955 F.2d at 322 (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 1, 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033). Because a *sua sponte* remand could thwart judicial efficiency as readily as a remand by motion of a party, the court reasoned that the 30–day remand period was as applicable to a court as to a party. *Loyd*, 955 F.2d at 322.

We see no reason to depart from the reasoning in *Loyd*. Moreover, uniformity among the circuits in matters having general application to the various states is preferable as long as individual justice is not sacrificed. It is desirable to have uniform rules governing remand and removal of cases involving the FDIC because substantial problems arising from the failure of savings and loan associations make the FDIC a frequent litigant before federal courts. Although Congress could have been more explicit, we find that the term "motion to remand" in § 1447(c) includes a district court's *sua sponte* remand. That

§ 1447(c) was meant to resolve the choice of forum at the early stages of litigation supports our interpretation of this provision. Assuming without deciding that a district court may remand *sua sponte* for procedural defects in a removal, we hold that it is bound by the 30–day limit in any case. The district court's remand exceeded this limit.

The parties, alternatively, ask us to address whether in fact the FDIC's removal was timely under 12 U.S.C. § 1819(b)(2)(B), which dictates when a party to a case involving the FDIC can seek removal to federal court. Resolution of this issue would require us to decide whether the most recent version of the statute applies retroactively to this appeal and whether FDIC/Corporate is entitled to a removal period separate from that of FDIC/Receiver. Because we hold that the district court erred in remanding this case on procedural grounds after the 30–day period expired regardless of whether it was timely removed, we decline to reach these questions. The district court's remand order is VACATED, and the case is REMANDED to district court for further proceedings consistent with this opinion.

VACATED and REMANDED.