## Alexis MARTINE and Paula Martine

v.

## NATIONAL TEA COMPANY d/b/a The Real Superstore, Kelley Co., and Gambit International, Inc.

### Civ. A. No. 92–882–B.

United States District Court, M.D. Louisiana.

Aug. 5, 1993.

Lewis O. Unglesby, Lewis O. Unglesby, Baton Rouge, LA, Stephen Randolph Edwards, Baton Rouge, LA, for plaintiffs.

Robert Spencer McCullough, Michael Stuart Mitchell, McGlinchey Stafford Lang, New Orleans, LA, for Nat. Tea Co.

Daniel Joseph Balhoff, Ben Louis Day, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, LA, for Kelley Co.

## RULING ON DEFENDANTS' MOTION TO RECONSIDER RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motion to reconsider the ruling on plaintiffs' motion to remand. For reasons which follow, the motion to reconsider is denied.

On March 24, 1993, the Court remanded this case to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, because the defendants removed this diversity action after it had been pending in state court for more than one year. However, the Court withheld entering a final judgment to allow the parties the opportunity to file a motion requesting certification of the issue to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

Defendants filed this motion to have the Court reconsider its ruling on plaintiffs'

motion to remand. Defendants contend that a remand order pursuant to § 1447(c) based on a timely motion to remand raising a defect in removal procedure is not appealable under 28 U.S.C. § 1292(b), or otherwise. Therefore, defendants seek to have the Court deny the plaintiffs' motion to remand and allow the plaintiffs to appeal the denial of the motion to remand.

The Court recognizes a decision rendered by Judge Sam C. Pointer, Jr., Chairman of the Judicial Conference Advisory Committee on Civil Rules reaches a contrary result from this Court's ruling.[1] This difference may be due in part to the difference in the laws of the states of Louisiana and Alabama. Although it might expedite an appeal, this Court declines to modify its ruling that § 1446(b) prevents a defendant from removing a suit to federal court more than one year after the commencement of the suit in state court.[2] Furthermore, the order to remand was not based on 28 U.S.C. § 1447(c). The Court in its original opinion based its remand order on 28 U.S.C. § 1446(b), and not lack of subject matter jurisdiction. The order of remand was and is not based on 28 U.S.C. 1447(c)[3]

The issue involved in the pending motion to remand is a matter of utmost importance to the administration of justice. The resolution of this issue by an appellate court would greatly assist district courts and litigants who are continually faced with this issue.

Decisions have been rendered by the United States Supreme Court[4] and various appellate courts, including the Fifth Circuit Court of Appeals, involving instances where a plaintiff has intentionally sought to prevent a defendant from removing a case to federal court. For example, where a plaintiff intentionally adds as a defendant a resident of the plaintiff's state to prevent the defendant from removing the case to federal court because of the lack of complete diversity citizenship between the parties,[5] the courts have applied the rule of fraudulent joinder which allows the court to disregard the resident defendants.[6] The courts have also taken a strict attitude toward plaintiffs who seek to prevent removal by such actions. Thus, in *Wecker*, the United States Supreme Court held:

[T]he Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has the right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.[7]

■ It appears that a similar rule is required where a plaintiff intentionally withholds service on a defendant for one year to prevent a defendant from removing a case to federal court. It is clear that a plaintiff could not withhold service for one year without good cause under the provisions of Rule 4 of the Federal Rules of Civil Procedure. The Court also questions whether such conduct is included within the congressional purpose in implementing the one year time limitation in the rule—to minimize interruptions in proceedings pending before the state court. It is very difficult to see how a removal under the facts of this case can interfere with the state court proceedings when none have occurred because of plaintiffs' decision to withhold service until the one year time limitation has expired.

It is possible that only the Congress can correct the concerns the Court has about a plaintiff intentionally withholding service for a year to prevent a defendant from removing a case to federal court. However, the Court also believes that the Fifth Circuit Court of

1. *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D.Ala. 1989).

2. See this Court's order of March 24, 1993, and the authorities cited therein.

3. *In re Shell Oil Co.*, 932 F.2d 1518, 1520–21 (5th Cir.1991); *Air–Shields, Inc. v. Fullam*, 891 F.2d 63 (3d Cir.1989).

4. *Wecker v. National Enamelling & Stamping Co.*, 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907).

5. *See* 28 U.S.C. 1332.

6. *Carriere v. Sears, Roebuck*, 893 F.2d 98 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).

7. *Wecker*, 204 U.S. at 185–186, 27 S.Ct. at 188 (quoted with approval by the Fifth Circuit Court of Appeals in *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181 (5th Cir.1990)).

Appeals should be given the opportunity to review this matter if it can do so under current statutory law and jurisprudence. The Court believes this is a classic case for appellate review under 28 U.S.C. 1292(b) if review by ordinary appeal is not available. All of the requirements of § 1292(b) are met in this case. The order involves a controlling question of law to which there is a difference of opinion and a decision from the appellate court will materially advance the ultimate termination of the litigation.

Therefore:

IT IS ORDERED that defendants' motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to remand is GRANTED.

The Court shall stay a final judgment of remand for a period of 30 days from the date of this judgment to allow the parties to seek an ordinary appeal or an appeal under 28 U.S.C. § 1292(b). The Court grants the parties leave to seek appellate review under 28 U.S.C. 1292(b). If such relief is not timely sought under 28 U.S.C. 1292(b) or under the rules for a regular appeal, the Court shall enter its judgment remanding the case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.