**Charles E. TURNER, Individually and as Next Friend of Christopher Alexander Turner, A Minor, Plaintiffs,**

v.

**WILSON FOODS CORPORATION, Defendant.**

**No. 1:89–CV–502–RHH**

United States District Court, N.D. Georgia, Atlanta Division.

May 18, 1989.

Michael J. Rust, Robert Edward Mulholland, Fortson & White, Atlanta, Ga., for plaintiffs.

Stephen Leroy Cotter, Lloyd Bruce Hedrick, Swift Currie McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This action is currently before the court on plaintiffs' motion to remand. For the reasons stated below, the court GRANTS the motion to remand and awards plaintiffs costs.

### FACTS

On December 19, 1988 plaintiffs filed their complaint in the State Court of Fulton County. The complaint alleged that Charles Turner was a citizen of the State of Georgia and that defendant Wilson Foods Corporation was a foreign corporation doing business in the State of Georgia. The complaint further alleged that on December 20, 1986, Christopher Turner, then 2 years old, was burned when a container of shortening manufactured by defendant dissolved and splashed hot grease on the child. The complaint maintained that defendant was liable to plaintiffs for the negligent design, sale and manufacture of the shortening product.

Paragraph 16 of the complaint alleged that the incident caused Christopher Turner to suffer "severe burns and permanent scarring." Paragraph 17 stated that Christopher Turner "sustained serious and permanent injuries; has sustained serious and permanent injuries in the past; and will continue to suffer pain in the future." The complaint then alleged that Turner has already incurred and will continue to incur for the rest of his life medical expenses for hospitals and physicians.

Defendant served plaintiffs with First and Second Interrogatories on January 19, 1989 and January 29, 1989 respectively. In their Responses to Defendant's First Interrogatories, plaintiffs asserted the "Christopher has sustained substantial burn injuries causing great pain and suffering and further causing him to undergo extensive medical treatment.... Christopher has been permanently disfigured and may have permanent physical disability. The pain and suffering and mental anguish of my son has been immeasurably great." These Responses to the First Interrogatories were served on defendant on February 15, 1989.

In defendant's Second Interrogatories, defendant asked plaintiffs if the amount sought as damages exceeded $10,000. In their Response, served on defendant on February 27, 1989, plaintiffs stated that they objected to the question inasmuch as it asked plaintiffs to place a dollar amount on the claim. Plaintiffs went on to say, however, that they sought all damages allowed by law. In response to defendant's letter of February 23, 1989, plaintiffs explicitly acknowledged that more than $10,000 was at issue.

On March 16, 1989, defendant filed a motion to remove the action to federal court.

### DISCUSSION

Plaintiffs now move to remand the action to the State Court of Fulton County. Plaintiffs do not contend that the case was not removable; however, plaintiffs maintain that the petition for removal was not filed within the 30 day time limit set forth in 28 U.S.C. § 1446(b). Defendant states in response to plaintiffs' motion that the complaint did not indicate that an amount in

excess of $10,000 was being claimed and that defendant therefore had no basis for removal until it received the February 27, 1989 letter from plaintiffs.

28 U.S.C. § 1446(b) provides that a defendant who wants to remove an action to federal court must file its petition for removal within thirty days of the receipt of the initial pleading in the case. The statute further provides that:

> (i)f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Plaintiffs contend that the initial pleading put defendant on notice that the amount in controversy exceeded the amount of $10,000 so that a petition for removal should have been filed within thirty days of the receipt of the complaint.

While the complaint did not allege a specific amount of damages, several courts have held that allegations of severe injuries along with pain and suffering will alert defendant that an amount in excess of $10,-000 is at issue. In *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978) the court found that where the complaint alleged serious permanent injury, substantial medical expenses and great pain and suffering, the defendant was placed on notice and should have filed its petition for removal within the statutory thirty day period. Similarly, in *Estevez–Gonzales v. Kraft, Inc.*, 606 F.Supp. 127 (S.D.Fla.1985) the court held that a complaint which alleged physical and mental pain, physical handicap, impairment of working ability, injuries permanent or

continuing in nature and medical expenses initiated the running of the thirty day period. *See also Richman v. Zimmer, Inc.*, 644 F.Supp. 540 (S.D.Fla.1986), *Baker v. Firestone Tire & Rubber Co.*, 537 F.Supp. 244 (S.D.Fla.1982).

Defendant in the case at hand argues that February 27, 1989 was the earliest time at which it could have petitioned for removal in good faith and without violating Rule 11.[1] The court disagrees. Research should have indicated to defendant that allegations such as those contained in the complaint at hand provide a sufficient basis on which to rest a petition for removal. The complaint alleged severe burns, permanent scarring, pain and suffering, lifelong medical expenses including expenses for physicians, hospitals and related expenses. In line with the authorities cited above, the court holds that these allegations provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court.

## CONCLUSION

The court finds that defendant failed to file its petition for removal within thirty days of receiving the complaint. Accordingly the court GRANTS plaintiffs' motion to remand and awards plaintiffs costs pursuant to 28 U.S.C. § 1446(d).

So ORDERED.

---

1. Defendant implies that plaintiffs deliberately obscured the fact that they sought damages in excess of $10,000 by objecting to question 1 of defendant's Second Interrogatories. Reading all of plaintiffs' Responses to the First and Second Interrogatories, the court finds that plaintiffs were quite frank about the nature of their claims. For example, in paragraphs 18 and 19 of their Responses to the First Interrogatories, plaintiffs alleged severe injuries, great pain and suffering and extensive medical treatment, all of which further indicated to defendant the probability that plaintiffs'·claims would far exceed $10,000.