891 F.2d 63
 104 A.L.R.Fed. 857
 AIR-SHIELDS, INC., Petitioner,
v.
Honorable John P. FULLAM, Chief Judge, United States
District Court for the Eastern District of
Pennsylvania, Nominal Respondent,
and
Neomed Corporation, Respondent.
 No. 89-1295.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Rule 12(6)
Oct. 3, 1989.
 Decided Dec. 7, 1989.
 
 John J. Barrett, Jr., Mark C. Levy, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for petitioner.
 Adam P. Schiffer, Vinson & Elkins, Houston, Tex., John J. Speicher, Rhoda, Stoudt & Bradley, Reading, Pa., for respondent.
 Before SLOVITER, GREENBERG, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 The principal issue presented by this petition for mandamus is whether this court may review a federal district court's order remanding a diversity case, in the face of a Congressional enactment barring appellate review, except in civil rights cases, of an order remanding a case to the state court from which it had been removed. 28 U.S.C. § 1447(d). The district court relied on a former but recently abolished statutory remand ground of improvident removal. See 28 U.S.C. § 1447(c) (1982), as amended by 28 U.S.C. § 1447(c) (1988). The United States District Court in Texas, to which the case had been removed after petition, transferred the case to the federal district court in Pennsylvania after granting a motion for change of venue. The United States District Court in Pennsylvania remanded the case to the Texas state court and the petitioner-defendant, Air-Shields, Inc. (Air-Shields), appealed. We vacate and remand.
 
 
 2
 In its petition for mandamus, Air-Shields asserts that the district court had no basis for remand under the Removal Statute, 28 U.S.C. § 1447(c) (1982), as amended by 28 U.S.C. § 1447(c) (1988). Though it does not raise the issue of which remand statute the district court should have followed, Air-Shields contests the court's findings of defects in its petition for removal and surety bond. Air-Shields, therefore, petitions this court, pursuant to 28 U.S.C. § 1651 (1982), for a writ of mandamus directing the district court to vacate its remand order.
 
 I.
 
 3
 Plaintiff-respondent Neomed Corporation, a Texas corporation, instituted a breach of contract suit, Neomed v. Air-Shields, Vickers, in a state court in Harris County, Texas, against Air-Shields, Vicker, a corporation chartered under the laws of Delaware. Thereafter, the court issued a citation[1] which directed the service of process upon "Air-Shields, Vickers' " agent, CT Corporation.
 
 
 4
 CT Corporation is a commercial corporation which, for a fee, acts as a registered agent for service of process throughout the United States. CT was Air-Shields' registered agent in Texas. Some time before May 9, 1988, the process server attempted to serve CT as agent for "Air-Shields, Vickers." CT refused service because it was not authorized to accept service for a company designated as "Air-Shields Vickers." CT did not notify Air-Shields of this attempted service. A second attempt was made to serve CT on May 9, 1988. On this occasion, the process server orally represented to CT's employees that the defendant in the suit was actually "Air-Shields, Inc.," and then physically altered the citation cover sheet by changing the name of the defendant from "Air-Shields, Vickers" to "Air-Shields, Inc." At that point, CT consented to accept service of process.
 
 
 5
 On June 8, 1988, Air-Shields filed a petition for removal in the United States District Court for the Southern District of Texas on the basis of diversity of citizenship. The court granted the petition for removal, whereupon Air-Shields filed a motion for change of venue to the United States District Court for the Eastern District of Pennsylvania. The federal district court in Texas granted Air-Shields' motion and transferred the case to the federal district court in Eastern Pennsylvania.
 
 
 6
 Once in the Pennsylvania district court, Air-Shields filed a motion for leave to amend its answer. Rather than addressing the motion, the court, sua sponte, issued a memorandum and order, dated January 11, 1989, remanding the case to the Texas state court where it had originated.
 
 
 7
 The district court in Pennsylvania found that the defendant had actually received service of process before May 9, 1988 but had merely "rejected" it. The defendant's petition for removal was filed June 8, 1988. The court concluded that the removal petition was untimely, not having been filed as required by statute within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...." 28 U.S.C. § 1446(b). The court also found that the removal petition was not accompanied by the required surety bond. Therefore, the court held that the case had been improvidently removed.
 
 II.
 
 8
 The Removal Statutes, 28 U.S.C. §§ 1441-1452, govern the removal of a state court case to a federal district court. The Removal Statutes were recently revised under the Judicial Improvements and Access to Justice Act ("Judicial Improvements Act"). Judicial Improvements Act, Pub.L. No. 100-702, 102 Stat. 4642 (1988). Congress enacted the Judicial Improvements Act on November 19, 1988.
 
 
 9
 Although most revisions under the Judicial Improvements Act were given explicit effective dates, the amendments made in §§ 1441, 1446, and 1447 of the Removal Statutes have no stated effective date. Absent provisions to the contrary, federal legislation becomes effective on the day of enactment. United States v. York, 830 F.2d 885, 892 (8th Cir.1987); 2 Sutherland's Statutory Construction § 33.06 (4th ed. Sands Rev.1986). Therefore, the amendments to the foregoing sections of the Removal Statutes became effective on November 19, 1988.
 
 
 10
 In its January 11, 1989 memorandum and remand order, the district court cited the 1982 edition of Section 1447(c), though the 1988 revisions were in effect at the time of the memorandum. We conclude that the district court entered its remand order unaware of the newly enacted revision by the Judicial Improvements Act.[2]
 
 
 11
 In the case of United States v. The Schooner Peggy, 1 Cranch 103, 2 L.Ed. 49 (1801), Chief Justice Marshall authored the simple but now famous doctrine that a "court must decide according to existing laws." Id. at 110. Courts are sometimes, however, faced with a situation where, as here, the law changes while a case is pending. In Bradley v. Richmond School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1973), the Supreme Court held that "even where the intervening law does not explicitly recite that it is to be applied in pending cases, it is to be given recognition and effect." Id. at 715, 94 S.Ct. at 2018 (citing Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969)).
 
 
 12
 According to the above doctrine, the district court was obliged to proceed under the recently amended, rather than the 1982 version, of Section 1447(c).[3] The 1988 version of Section 1447(c) omits the previous "improvidently removed" grounds for removal and restricts the time for remand motions based on procedural defects. It provides:
 
 
 13
 A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
 
 
 14
 28 U.S.C. § 1447(c).
 
 
 15
 Even if the district court's sua sponte action qualifies as a motion[4] under the revised 28 U.S.C. § 1447(c), the district court could only remand within 30 days of the filing of notice to remove for procedural defects. Here, the district court issued its remand order more than seven months after the defendant filed its removal petition. Revised Section 1447(c) prohibits such untimely remand.
 
 
 16
 Usually, our review of such remand orders is strictly limited by subsection (d) of Section 1447. The subsection provides, with one exception, that an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).
 
 
 17
 In Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1975), the United States Supreme Court explained that "only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)." In the Court's view, Congress did not intend to "extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." Id. at 351, 96 S.Ct. at 593 (emphasis supplied). In Thermtron, the district court remanded a case to the state court solely on the ground that its heavy docket would unjustly delay the plaintiffs from proceeding to trial on the merits.
 
 
 18
 Because the district court's remand decision in this case also was not based on the "controlling statute," our review is not limited by subsection (d) of Section 1447. See Bloom v. Barry, 755 F.2d 356 (3d Cir.1985); Levy v. Weissman, 671 F.2d 766 (3d Cir.1982). By remanding the case for procedural defects after the thirty day limit imposed by the revised Section 1447(c) had expired, the district court "exceeded [its] statutorily defined power." Thermtron, supra, at 351, 96 S.Ct. at 593. Therefore, the "issuance of the writ of mandamus [is] not barred by § 1447(d)." Id.
 
 
 19
 Accordingly, the petition for mandamus will be granted and the case remanded with direction to the district court to vacate its remand order of January 11, 1989.
 
 
 
 [1]
 A Citation under the Texas Rules of Civil Procedure appears to be the equivalent to a summons under the Federal Rules of Civil Procedure
 
 
 [2]
 Because the district court sua sponte issued its remand order, the petitioner did not have the opportunity to raise the issue of the revised remand statute before the district court. The petitioner's failure to raise that issue in this court is not as excusable. However, the matter is one affecting our jurisdiction and therefore we are free to consider it. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1975)
 
 
 [3]
 The 1982 version of Section 1447(c) provided that if "at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. § 1447(c) (1982) (emphasis supplied)
 
 
 [4]
 Blacks Law Dictionary defines "sua sponte" as "of his or its own will or motion."