**CENTRAL IOWA
AGRI–SYSTEMS, Plaintiff,**

**v.**

**OLD HERITAGE ADVERTISING AND
PUBLISHERS, INC., Defendant.**

Civ. No. 89–594–A.

United States District Court,
S.D. Iowa, C.D.

Dec. 29, 1989.

Joseph R. Cahill of Cahill Law Offices, Nevada, Iowa, for plaintiff.

Larry J. Handley of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Ankeny, Iowa, for defendant.

RULING REMANDING CASE TO
IOWA DISTRICT COURT FOR
STORY COUNTY

WOLLE, District Judge.

The narrow question here is whether defendant filed its notice of removal of plaintiff's state court action within the time required by 28 United States Code section

1446(b). The pertinent language of that statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable....

The court concludes that defendant did not file and serve its notice of removal within thirty days after it knew the jurisdictional amount was satisfied. The court remands the plaintiff's action to the Iowa District Court for Story County.

The plaintiff's petition filed in the Iowa District Court for Story County did not state a specific amount of damages, because Iowa Rule of Civil Procedure 69(a) provides that a pleading "shall not state the specific amount of money damages sought but shall state whether the amount of damages is more or less than the [Iowa court's] jurisdictional amount." From the commencement of this action on December 14, 1988, until September 5, 1989, the parties prepared the case for trial in state court, filing necessary pleadings and participating in discovery and other pretrial procedures. Then on September 5, 1989, defendant filed its notice of removal of the action to this federal court, basing jurisdiction on diversity of citizenship and jurisdictional amount and asserting it had learned from answers to interrogatories received eighteen days before that the amount in controversy exceeded $50,000. The jurisdictional amount required in this case was $10,000, not the $50,000 substituted by Public Law 100–702, Title II, § 201, applicable to "any civil action commenced on or after the 180th day after Nov. 19, 1988."

Plaintiff contends the defendant had reason to know the amount in controversy exceeded $10,000 as early as March 25, 1988, the date of a letter the defendant received from plaintiff's counsel stating plaintiff had "conservatively estimated present and future damages at $40,000." Defendant responds that the pre-suit letter of March 25, 1988, does not qualify as an "other paper" within the meaning of section 1446(b), quoted above. Defendant argues the only qualifying "other paper" in this case was the formal response to its written interrogatory, that provided the defendant on August 18, 1989, formal information about the amount plaintiff was demanding.

This court concludes the words "other paper" extend to a demand letter of the type the plaintiff here sent to the defendant before suit was commenced. Section 1446(b) should be construed to favor jurisdiction of a diversity action in the state court and permit jurisdiction in the federal court only if a party clearly demonstrates the federal court has jurisdiction. *See Holiday v. Travelers Ins. Co.*, 666 F.Supp. 1286, 1290 (W.D.Ark.1987). When a pleading stating a claim does not allege a specific dollar amount in controversy, the person defending against the claim has a duty to make reasonable inquiry at the time the suit is filed, using information the defendant then has concerning the plaintiff's claim. *See Turner v. Wilson Foods Corp.*, 711 F.Supp. 624, 626 (N.D.Ga.1989) (defendant had necessary information to ascertain grounds for removal); *Richman v. Zimmer, Inc.*, 644 F.Supp. 540, 542 (S.D.Fla.1986) (case removable on receipt of complaint since defendant had jurisdictional "clues"). Here, plaintiff had plainly told defendant in writing before filing suit that plaintiff estimated its damages involved in the potential lawsuit to be a minimum of $40,000. Consequently, on the date suit was filed defendant was on notice that the petition sought damages of approximately $40,000, an amount far in excess of the $10,000 required for immediate removal of the action to federal court. To refer again to the wording of section 1446(b), the plaintiff's pre-suit demand letter was an "other paper" from which it could reasonably "be ascertained" that the case was then removable to federal court.

Defendant waived its right to remove this case to federal court by not serving and filing its notice of removal to federal court within thirty days after the service of

the initial lawsuit papers filed in the Iowa district court.

Plaintiff's motion to remand is granted. This action is remanded to the Iowa District Court for Story County for further proceedings.

IT IS SO ORDERED.