**John Douglas CARROLL and Sylvia Carroll, Plaintiffs,**

v.

**UNITED AIR LINES, INC., Defendant.**

**No. CIV. A. 97–5982 AJL.**

United States District Court, D. New Jersey.

March 10, 1998.

Seamus Boyle, Weiseman Hely, P.A., Mountainside, NJ, for Plaintiffs.

Bruce L. Shapiro, Gregory B. Pasquale, Shanley & Fisher, P.C., Morristown, NJ, for Defendant.

## OPINION

LECHNER, District Judge.

This is a personal injury action brought by the plaintiffs, John Douglas Carroll ("John Carroll") and Sylvia Carroll (collectively, the "Plaintiffs"), against the defendant, United Air Lines, Inc. ("United"). Removal jurisdiction is alleged by United pursuant to 28 U.S.C. §§ 1441 and 1446.

The issue *sub judice* is the question of whether this action should be remanded to the Superior Court of New Jersey, Law Division, Essex County (the "Superior Court") pursuant to 28 U.S.C. § 1447(c). The issue of remand was timely raised by a *sua sponte* motion (the "Motion") at a hearing on 19 December 1997 (the "19 December Hearing"). At the 19 December Hearing, the parties were offered the opportunity to submit briefs setting forth their respective positions on the remand issue.[1]

For the reasons set forth below, this matter is remanded to the Superior Court.

*Facts*

On 1 August 1997, the Plaintiffs filed a summons and complaint (the "Complaint") in the Superior Court. *See* Notice of Removal, filed on 12 December 1997, (the "Notice of Removal") ¶ 2; United Brief at 2. The Plaintiffs seek money damages for personal injuries allegedly sustained by John Carroll on or about 25 March 1996[2] when he fell while deplaning from United Flight 809 at Kansai Airport in Osaka, Japan. *See* Complaint at 1, ¶ 1; United Brief at 2. As a result of his fall, the Plaintiffs allege John Carroll suffered

> injuries causing *disability, impairment,* loss of enjoyment of life, pain and suffering, *and he will suffer in the future* . . . .

Complaint at 2, ¶ 5 (emphasis added). The Complaint also alleges that United, as a common carrier, "violated its high duty of care to [John Carroll] in its failure to provide [him with] safe passage," which failure constituted "willful misconduct." *Id.* at 3, ¶ 5 of Fourth Count.

In accordance with New Jersey state court rules, the Complaint does not contain a demand for a specific amount in damages.[3] *See* Complaint. United concedes it was served with the Complaint on 28 August 1997. *See* Notice of Removal ¶ 2. Neither the Notice of Removal nor the Opposition Papers state when United *first* received a copy of the Complaint.

On 7 October 1997, United filed a stipulation, pursuant to Rule 4:6–1(c) of the New Jersey Rules of Court, extending its time to answer the Complaint to and including 1 December 1997. *See* United Brief at 3. United served and filed an answer (the "Answer") to the Complaint on 1 December 1997. *See* Notice of Removal ¶ 3. The seventh affirmative defense set forth in the Answer invoked the limitation of liability provided for by the terms of the Warsaw Convention. *See* Answer at 5.

On 2 December 1997, United served the Plaintiffs with a Request for Statement of Damages Claimed (the "Request for Damages"), pursuant to Rule 4:5–2 of the New Jersey Rules of Court. *See* United Brief at 3. On 9 December 1997, United received a response to the Request for Damages demanding $2,000,000 in damages (the "Response to Request for Damages"). *See* Notice of Removal ¶ 4. The Notice of Removal does not explain why United waited more than three months to serve the Request for Damages.

On 12 December 1997, United filed the Notice of Removal. *See* Notice of Removal. United alleges jurisdiction, pursuant to 28

---

**1.** In opposition to the Motion, United submitted: Brief on Behalf of Defendant United Air Lines, Inc., in Opposition to *Sua Sponte* Motion by the Court to Remand Action to the Superior Court of the State of New Jersey (the "United Brief") and Reply Brief on Behalf of Defendant United Air Lines, Inc., in Opposition to *Sua Sponte* Motion by the Court to Remand Action to the Superior Court of the State of New Jersey (the "United Reply Brief") (collectively, the "Opposition Papers").

In support of the Motion, the Plaintiffs submitted Brief on Behalf of Plaintiffs, John Douglas Carroll and Sylvia Carroll, In Response to Defendant's Opposition to the Court's Motion to Re-

mand Action to the Superior Court of the State of New Jersey (the "Plaintiffs Brief").

**2.** It is unclear from the Complaint in which year John Carroll was allegedly injured because the Complaint states "March 25, 19965." *See* Complaint at 1, ¶ 1. United contends Carroll was allegedly injured on 24 March 1996. *See* United Brief at 2.

**3.** In the New Jersey state courts, where "unliquidated money damages are claimed in any court . . . the pleading shall demand damages generally without specifying the amount." N.J.Ct.R. 4:5–2.

U.S.C. § 1332(a) [4] ("Section 1332(a)"), based solely upon diversity of citizenship between the parties. *See* Notice of Removal ¶¶ 6, 8. The Notice of Removal states United removed the action within thirty days after receiving the Response to Request for Damages, which United alleges was "the first notice to United that the amount in dispute in this action exceeds the sum of $75,000, exclusive of interest and costs." *Id.* at ¶¶ 4, 6.

At the 19 December Hearing, seven days after the Notice of Removal was filed, the issue of remand was raised, via a *sua sponte* motion to remand, because it appeared the Notice of Removal was untimely. It appeared United was or should have been on notice that the amount in controversy exceeded $75,000 at the time it first received the Complaint.

United opposes the remand of this action, arguing that (1) the court may not remand an action on its own motion and (2) removal was timely. *See* United Brief at 6–10, 11. Specifically, United argues 28 U.S.C. § 1447(c) does not authorize a court to remand an action *sua sponte* where the defect in removal is allegedly procedural, not jurisdictional. *See id.* at 11–13; United Reply Brief at 2–4. In addition, United asserts that removal was timely because it became aware of the presence of Federal jurisdiction only after receiving the Response to Request for Damages. *See* United Brief at 5–10.

*Discussion*

### A. *Motion to Remand*

Under the general Federal removal statutes, an action brought in state court may be removed by the defendant to the Federal district court encompassing the state court if that Federal district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). [5] A defendant seeking to remove a case must file a "notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served...." 28 U.S.C. § 1446(a).

■ When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *See Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Moore v. DeBiase,* 766 F.Supp. 1311, 1315 (D.N.J.1991); *Mountain Ridge State Bank v. Investor Funding Corp.,* 763 F.Supp. 1282, 1288 (D.N.J.1991). "Removal statutes 'are to be strictly construed against removal and all doubts resolved in favor of remand.'" *Boyer,* 913 F.2d at 111 (quoting *Steel Valley,* 809 F.2d at 1010); *see Moore,* 766 F.Supp. at 1314; *Mountain Ridge,* 763 F.Supp. at 1288.

■ An action that has been removed to Federal court may be remanded to state court, pursuant to 28 U.S.C. § 1447(c) [6] ("Section 1447(c)"), because of a defect in the removal procedure. For example, failure to file a notice of removal within the time period provided by the removal statutes is a sufficient ground on which to remand an action. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 50–53 (3d Cir.1993); *Mountain Ridge,* 763 F.Supp. at 1288; *Capone v. Harris Corp.,* 694 F.Supp. 111, 112

---

**4.** Section 1332(a) provides, in pertinent part,:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States....
28 U.S.C. § 1332.

**5.** Section 1441(a) provides in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
28 U.S.C. § 1441(a).

**6.** Section 1447(c) provides, in pertinent part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)....
28 U.S.C. § 1447.

(E.D.Pa.1988); *Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375, 375–76 (E.D.Pa.1982).

Section 1446(b) of the United States Code sets forth the time in which a removal petition must be filed:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446.

1. *Authority to Remand*

■ United argues the instant matter should not be remanded because the Plaintiffs did not move to remand the action. *See* United Brief at 11–13. United also contends this court does not have the power to remand the action *sua sponte. See id.;* United Reply Brief at 2–4. In support of its argument, United cites Fifth, Sixth, Seventh and Eleventh Circuit decisions. These decisions are not the law in this Circuit and will not be followed.

Of the two Third Circuit decisions cited by United, only one, *Air–Shields, Inc. v. Fullam,* 891 F.2d 63 (3d Cir.1989), is instructive. The Plaintiff also cites *Air–Shields,* but, unlike United, does so in support of the remand of this action. United argues the reliance by the Plaintiffs on *Air–Shields* is "misplaced and is taken out of context."

In *Air–Shields,* the district court made a *sua sponte* motion to remand the case to state court more than seven months after the

notice of removal had been filed. *See Air–Shields,* 891 F.2d at 64. The Third Circuit granted the petition of the defendant to vacate the *sua sponte* order remanding the action. *See id.* at 66. The Third Circuit held the district court exceeded its authority under Section 1447(c) by remanding the matter beyond the thirty-day limit on the basis of procedural defects. *See id.* In dicta, the court explained "[e]ven if the district court's *sua sponte* action qualifies as a motion under ... [Section 1447(c) ], the district court could only remand within [thirty] days of the filing of notice to remove for procedural defects." [7] *See id.* at 65.

United contends that the question of whether a court may remand an action *sua sponte* was not decided in *Air–Shields* and therefore the court should follow the precedent of other circuit courts. This argument, however, ignores the decision in *Korea Exchange Bank v. Trackwise Sales Corp.,* 66 F.3d 46 (3d Cir.1995), where the Circuit stated the thirty day time limit of Section 1447(c) applies not only to motions brought by parties but also to *sua sponte* orders of remand, *see Korea Exchange,* 66 F.3d at 51; *Air–Shields,* 891 F.2d at 65, which orders of remand can, and should, be preceded by a *sua sponte* motion to remand in order to give the removing party an adequate opportunity to oppose such remand. *See supra* note 7.

2. *Untimeliness of United's Removal*

United does not dispute that removal was not effectuated within thirty days after receipt of the Complaint. United contends, however, that the Complaint, on its face, did not indicate the existence of diversity jurisdiction. *See* United Brief at 6–10. Because the amount in controversy was not stated in the Complaint, United argues the jurisdictional amount in controversy requirement of Section 1332(a) was not apparent. *See id.*

---

7. In the instant matter, the Motion was made within thirty days of the removal of the action. United was offered the opportunity to oppose the possible remand and was given one month to file opposition to the Motion. Section 1447(c) cannot be read to command an order of remand to be entered within the thirty days following the removal of the action. The proper interpretation

of Section 1447(c) only requires a motion to remand to be made during this period. Otherwise, if Section 1447(c) is interpreted as requiring an order of remand to be filed within thirty days of removal, in most instances, a defendant will not have an opportunity to oppose such a motion.

Accordingly, United argues the instant action became removable only on 9 December 1997, when it received the Response to Request for Damages. *See id.* The Response to Request for Damages, United argues, was the "other paper" from which it could determine that the case had become removable, pursuant to Section 1446(b). *See id.* at 8. Accordingly, United argues the Notice of Removal was timely filed. *See id.*

■ It is not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the thirty-day period for removal. Rather, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum. *See Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir.1993); *Smith v. Executive Fund Life Ins. Co.*, 651 F.Supp. 269, 270 (M.D.La.1986); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (E.D.Mich. 1979) ("When the defendant should clearly ascertain from the · circumstances and the original complaint that the case is removable, the defendant must remove, if at all, within 30 days of receipt of the complaint."); *Hampton Paint Mfg. Co. Inc. v. Union Oil Co. of California*, No. 91–104, 1991 WL 274441, at *6 (E.D.Va. Dec. 16, 1991) ("[T]he plain purpose of [Section 1446(b) ] is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present."); *DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316, 319 (S.D.N.Y. 1980) (thirty-day period began running when defendants had "clue" as to existence of diversity jurisdiction).

■ "Where court documents clearly provide notice to defendants of removability, they should do so, rather than protracting the litigation." *Foster*, 986 F.2d at 53. In *Foster*, the question presented was "what constitutes sufficient notice to trigger the running of the thirty-day period." *Id.* at 49. The plaintiff argued that the receipt of the praecipe for writ of summons was sufficient to put the defendant on notice of the presence of Federal jurisdiction. The defendant argued the thirty-day period only commenced upon receipt of the complaint, because "the 'initial pleadings' described in [Section] 1446(b) refers only to complaints and not summonses or writs of praecipe." *Id.* at 51. The Circuit held that Section 1446(b) "requires defendants to file their [n]otices of [r]emovals within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of [F]ederal jurisdiction." *Id.* at 54.

Although the holding in *Foster* was concerned with Pennsylvania state court practice and the use of summonses and writs of praecipe, it nevertheless highlights the burden placed upon the removing party to act promptly within the permitted thirty-day period. The underlying rationale of the Circuit is equally applicable to the situation presently before the court.

■ As indicated, a pleading does not have to allege a specific dollar amount to give notice to the defendant of the existence of Federal jurisdiction. When it can "be ascertained" that a case is subject to Federal diversity jurisdiction, the case is removable. *See Central Iowa Agri–Systems v. Old Heritage Advertising and Publishers, Inc.*, 727 F.Supp. 1304, 1305 (S.D.Iowa 1989); *Sok v. United States Fidelity and Guaranty Co.*, No. 91–12028, 1992 WL 97193, at *1 (D.Mass. April 27, 1992) (same). Stated differently, "the burden of proof is on [the] defendant to assess and ascertain the amount in controversy within the 30–day time limit for removal provided in Section 1446(b)." *Marler v. Amoco Oil Co., Inc.*, 793 F.Supp. 656, 659 (E.D.N.C.1992).

■ United contends the Complaint "gives no inkling whatsoever" of the nature of Mr. Carroll's injuries to enable it to determine whether the amount in controversy exceeded $75,000. *See* United Brief at 2, 9. A review of the Complaint demonstrates otherwise.

In the context of a personal injury suit between diverse parties however, "courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue" and trigger the running of the thirty-day removal period.

*Turner v. Wilson Foods Corp.,* 711 F.Supp. 624, 626 (N.D.Ga.1989) (allegations of "severe burns, permanent scarring, pain and suffering, lifelong medical expenses" triggered running of removal period though complaint did not allege amount in controversy); *see Garofalo v. Medtronic, Inc.,* No. 97–1655 (D.N.J. June 17, 1997) (allegations of "serious personal injuries causing significant disfigurement, permanent loss ... [and] permanent consequential limitation of use of a body function or system" triggered running of thirty-day period even though no amount indicated in complaint); *Teajman v. Frigoletti,* No. 96–4779 (D.N.J. Feb. 11, 1997) (allegations of "severe and serious personal injuries, both of a temporary and permanent nature" triggered running of thirty-day period even though no amount indicated in complaint); *Richman v. Zimmer, Inc.,* 644 F.Supp. 540, 541 (S.D.Fla.1986) (allegations of "serious injuries" triggered running of thirty-day period though complaint only alleged state minimum jurisdictional amount); *Lee v. Altamil Corp.,* 457 F.Supp. 979, 981 (M.D.Fla.1978) (allegations of "serious permanent injury, substantial medical expenses, great pain and suffering and a substantial loss of income" triggered running of thirty-day period); *Horak v. Color Metal of Zurich, Switzerland,* 285 F.Supp. 603, 605 (D.N.J. 1968) (unliquidated damage claim alleging loss of arm triggered running of thirty-day removal period).

In the instant case, as indicated, the Complaint alleges John Carroll suffered

> injuries causing *disability, impairment,* loss of enjoyment of life, pain and suffering, *and he will suffer in the future ....*

Complaint at ¶ 5 (emphasis added). The severity of the injuries suffered by John Carroll, as alleged in the Complaint, put United on notice that John Carroll had a claim in excess of $75,000. Under these circumstances, United knew or should have known upon receipt of the Complaint that the amount in controversy would meet the requirements for diversity jurisdiction. *See Turner,* 711 F.Supp. at 626. An action is removable when claims for damages sought *could reasonably* exceed $75,000. *See Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993). Because "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" *Boyer,* 913 F.2d at 111 (citation omitted), the Complaint gave sufficient notice to United that the claims of the Plaintiff could reasonably exceed $75,000; accordingly removal was not timely.

In addition, the fact that the Complaint alleges the conduct of United constituted "willful misconduct" under the terms of the Warsaw Convention and Montreal Agreement (collectively the "Warsaw Convention") further demonstrates the Plaintiffs were seeking damages in excess of $75,000.[8] *See* Plaintiffs Brief at 2–3; *see also* Complaint at 3, ¶ 5 of Fourth Count. The Warsaw Con-

8. The Warsaw Convention states in relevant part:
The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

(1) In the transportation of passengers the liability of the carrier for each passenger shall be limited to the sum of [$75,000]. Where, in accordance with the law of the court to which the case is submitted, damages may be awarded in the form of periodical payments, the equivalent capital value of the said payments shall not exceed [$75,000]. Nevertheless, by special contract, the carrier and the passenger may agree to a higher limit of liability.

\* \* \* \* \* \*

(1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.

Warsaw Convention art. 22(1) and 25(1), as modified by Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, approved by Civil Aeronautics Board Order E–23680, 31 Fed. Reg. 7302 (1966), reprinted in 49 U.S.C. S 40105 note.

vention limits the liability of an air carrier to $75,000 unless the plaintiff can prove the conduct of the air carrier amounted to "wilful misconduct." *See* 49 Stat. 3000; *see also Zicherman v. Korean Air Lines,* 516 U.S. 217, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996).

United argues in its reply brief that it is no longer bound by the limits of the Warsaw Convention. *See* United Reply Brief at 4 n. 1. Nevertheless, United appears to have invoked in its Answer, the limitations of liability set forth in the Warsaw Convention. *See* Answer at 5. Whether United is bound by the Warsaw Convention, however, is not the issue under consideration. By the wilful misconduct allegation in the context of the Complaint, United was also put on notice, and should have recognized, the Plaintiffs were claiming damages in excess $75,000, the Warsaw Convention limitation of liability. There was no need for United to wait for the Response to Request for Damages before filing the Notice of Removal.

Because diversity jurisdiction was apparent when United received the Complaint on or about 28 August 1997, removal, which was not effected until 12 December 1997, was untimely under Section 1446(b). *See Horak,* 285 F.Supp. at 605; *see also Garofalo v. Medtronic, Inc.,* No. 97–1655 (D.N.J. June 17, 1997); *Teajman v. Frigoletti,* No. 96–4779 (D.N.J. Feb. 11, 1997); *Textile Concepts, Inc. v. Karastan Bigelow Commercial Carpets,* No. 91–985 (D.N.J. June 12, 1991). This matter is therefore remanded to the Superior Court, pursuant to 28 U.S.C. § 1447(c).

*Conclusion*

For the reasons stated, this action is remanded to the Superior Court.