Jerome M. IRVING, Plaintiff,

v.

**ALLSTATE INDEMNITY COMPANY,**
**Defendant.**

**No. Civ. A. 99–4674.**

United States District Court,
E.D. Pennsylvania.

May 3, 2000.

## MEMORANDUM

REED, Senior District Judge.

Plaintiff Jerome M. Irving ("Irving") filed this action in the Court of Common Pleas of Delaware County, Pennsylvania, claiming breach of contract and bad faith by his insurer, defendant Allstate Insurance Company ("Allstate"),[1] due to Allstate's failure to indemnify Irving following the 1997 theft of his custom-built motorcycle. Allstate removed the case to federal court, and Irving now seeks an order remanding the case on the ground that the amount in controversy in this case is less than $75,000, the amount required for a federal court to exercise jurisdiction in a diversity case. *See* 28 U.S.C. § 1332(a). For the reasons set forth below, the motion will be granted.

An action removed to federal court may be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed, and all doubts are resolved in favor of remand. *See DeCastro v. AWACS, Inc.*, 935 F.Supp. 541, 545–46 (D.N.J.1996) (citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)). "The burden of establishing the amount in controversy in removal cases rests on the defendant." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222 (3d Cir.1999) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985)).

Courts in the Third Circuit are unencumbered by consistency in their characterization of defendant's burden of proving the amount in controversy on a motion to remand. *See Kimmel v. DeGasperi, eBay*, No. 00–143, 2000 WL 420639, *1, 2000 U.S.Dist. LEXIS 4935, at *5 (E.D.Pa. Apr. 7, 2000). The defendant's burden has been defined in at least three different ways: (1) defendant must prove to a "legal certainty" that plaintiff could not recover more than $75,000, *see Morris v. Brandeis Univ.*, No. 99–2642, 1999 WL 817723, *3, 1999 U.S.Dist. LEXIS 15767, at *7 (E.D.Pa. Oct. 8, 1999); (2) defendant must show that the claim exceeds the amount in controversy requirement by a preponderance of the evidence, *see Werwinski v. Ford Motor Co.*, No. 00–943, 2000 WL 375260, *1, 2000 U.S.Dist. LEXIS 4602, at *4 (E.D.Pa. Apr. 11, 2000); (3) defendant need only demonstrate a reasonable probability that the amount in controversy meets the jurisdictional amount, *see International Fleet Auto Sales v. National Auto Credit*, No. 97–1675, 1999 WL 95258, 1999 U.S.Dist. LEXIS 1748 (E.D.Pa. Feb. 22, 1999). In prior cases, I have held that the preponderance of the evidence standard is the most appropriate of the three, and I reaffirm that conclusion today. *See Mangano v. Halina*, No. 97–1678, 1997 WL 697952, *6, 1997 U.S.Dist. LEXIS 17876, at *13–14 (E.D.Pa. Nov. 3, 1997); *Mercante v. Preston Trucking Co.*, No. 96–5904, 1997 WL 230826, *1, 1997 U.S.Dist. LEXIS 6129, at *2 (E.D.Pa. May 1, 1997).

In determining whether defendant has met its burden of proof as to the amount in controversy, the Court may rely on the pleadings, *see Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045–46 (3d. Cir.1993); stipulations and discovery evidence such as affidavits, depositions, and other documents relevant to the value of the claims, *see Meritcare*, 166 F.3d at 222; and the Court's judgment as to the reasonable value of the rights being litigated, *Angus v. Shiley*, 989 F.2d 142, 146 (3d

---

1. Apparently, the proper name of the defendant in this case is Allstate Indemnity Company, and plaintiff was therefore incorrect in identifying defendant as Allstate Insurance Company. In order to avoid confusion, I will simply refer to defendant herein as "Allstate."

Cir.1993). *See also* 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3702, at 57 (3d ed.1998).

■ Having thoroughly reviewed of the parties' submissions, I conclude that Allstate has not satisfied its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Allstate has produced no evidence of the amount in controversy beyond the pleadings. Its argument rests on the fact that Irving included in his complaint an *ad damnum* clause [2] that stated that damages would not exceed $50,000 on either claim, Complaint, at ¶¶ 19, 23, but later averred that the amount "will exceed $50,000." Plaintiff's Reply to New Matter and Counterclaim, at ¶ 49. The Court of Appeals for the Third Circuit has held on at least two occasions that pleadings that seek damages "in excess of" amounts below the jurisdictionally required amount do not conclusively resolve the amount in controversy question on a motion to remand. *See Meritcare*, 166 F.3d at 217 (an *ad damnum* clause in a complaint, which stated that the damages would exceed $25,000, was "little more than an open-ended claim that fails to answer the amount in controversy inquiry"); *Angus*, 989 F.2d at 146 (plaintiff's complaint, which stated two claims seeking damages "in excess of $20,000," was merely "an open-ended claim," and the amount in controversy was to be determined by a "reasonable reading of the value of the rights being litigated") (citations omitted).[3] Thus, the mere fact that plaintiff avers that damages will exceed a figure substantially less than the jurisdictional amount does not satisfy defendant's burden.

Allstate also argues that the plaintiff's requests for additional recovery, including punitive damages, attorneys' fees, interest, and costs, presumptively nudge the claims in this case over the jurisdictional amount. However, Allstate has produced no evidence of the additional amounts possible or likely in this case. Allstate apparently believes that the Court must infer from the answer's reference to damages "exceed[ing] $50,000" and plaintiff's demand for punitive damages, attorneys' fees, interest, and costs that the jurisdictional amount likely be exceeded.[4] Without any evidence, however, this is an inference I am not permitted to draw. While such additional recovery might have some effect

2. *Ad damnum* means "to the damage," and refers to the clause that states plaintiff's money loss or damages sought. *See Black's Law Dictionary* 37 (6th ed.1990). The *ad damnum* clause is required in all complaints under Rule 1021 of the Pennsylvania Rules of Civil Procedure.

3. Both *Meritcare* and *Angus* were brought prior to January 1997, and therefore the jurisdictional amount in both cases was $50,000. The amount has since been increased to $75,000, and that amount governs in this case. *See* Federal Courts Improvement Act of 1996, Pub.L. 104–317, Title II, § 205(a), 110 Stat. 3860 (amending 28 U.S.C. § 1332(a)).

4. Allstate relies on an unpublished order issued by a judge of this district in 1991 to support its contention that plaintiff's request for attorneys' fees, costs and interest brings this action within the jurisdictional amount. That order states, "Because plaintiff's stated a claim for punitive damages and attorney fees, it is not 'beyond a legal certainty' that the amount in controversy will be below $50,000." *Leavy–Wash v. State Farm Fire & Cas. Co.*, No. 91–4438, unpublished order (E.D.Pa. Aug. 5, 1991). The order suggests that in order to prevail on a motion to remand, plaintiff bears the burden of showing beyond a legal certainty that the damages s/he seeks will not rise above the amount required by § 1332(a). However, the Court of Appeals for the Third Circuit has held on numerous occasions since 1991 that *defendant* bears the burden of establishing that the amount in controversy exceeds the jurisdictional minimum. *See e.g., Meritcare*, 166 F.3d at 222; *Packard*, 994 F.2d at 1045–46. Furthermore, as discussed in the text, I believe the appropriate standard for defendant to meet is the preponderance of the evidence, not the legal certainty test, even in the inverted form used in the 1991 order. Thus, that order is not apposite in the instant action.

on the amount in controversy,[5] determining that effect, particularly in an open-ended claim with no evidence even as to the amount of compensatory damages, would be pure guesswork. If this Court has to guess, defendant has not proved its point.

Allstate need not assume the awkward task of proving the entire extent of plaintiff's damages, but it must give the Court something more than tenuous inferences if it hopes to sustain its burden of proof as to the amount in controversy. Allstate has produced no affidavits, no declarations, no receipts, no applications for benefits; no evidence of the value of the insured property or that costs, interests, fees, and punitive damages will exceed $75,000 in this case. Thus, there is nothing on the record by which the Court could determine the reasonable value of the claims asserted by plaintiff.

"Burdens of proof are meaningful elements of legal analysis, and occasionally, where the evidentiary record is wanting, the burden of proof will determine the outcome of a motion." *Simon v. Ward,* 80 F.Supp.2d 464, 472 (E.D.Pa.2000). Such is the case here. Because Allstate has not carried its burden of proof, Irving's motion for remand will be granted.

An appropriate Order follows.

### ORDER

**AND NOW** this 3rd day of May, 2000, upon consideration of motion of plaintiff Jerome M. Irving to remand this action to the Court of Common Pleas of Delaware County, Pennsylvania (Document No. 3), and having concluded, for the reasons stated in the foregoing memorandum, that the defendant Allstate has not carried its burden of establishing that the amount in controversy in this case meets the requisite amount in controversy set forth in 28 U.S.C. § 1132(a), it is hereby **ORDERED** that the case is hereby **REMANDED** to the Court of Common Pleas of Delaware County, Pennsylvania, Civil Action No. 99–50194, for lack of subject matter jurisdiction.

The clerk of Court shall forthwith return the record to the Prothonotary of the Court of Common Pleas of Delaware County and close this file.

**5.** It is questionable whether all of plaintiff's requests for court costs, fees, interest, and punitive damages would be included in the amount in controversy. Typically, attorneys' fees and costs are not included in the calculation. *See* 28 U.S.C. § 1332 (excluding "interests and costs" from amount in controversy calculation); *Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir.1997) (attorneys' fees usually excluded); *State Farm Mut. Auto. Ins. Co. v. Powell,* 87 F.3d 93, 98 (3d Cir.1996) (same). Thus, the attorneys' fees, costs, and interest sought under plaintiff's breach of contract claim would not increase the amount in controversy. However, attorneys' fees, costs, interest, and punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action. *See Suber,* 104 F.3d at 585. Because Pennsylvania's statute governing bad faith claims in insurance actions, 42 Pa.C.S.A. § 8371, includes court costs and attorneys'

fees, the costs and fees under that claim would be included in the amount in controversy. Thus, it is possible that only some, not all, of plaintiff's requests for fees and costs could have an effect on the amount in controversy.

Plaintiff also argues that the $50,000 figure used in the answer to the counterclaim included costs, interest, and attorneys' fees. I am suspicious of this argument. Plaintiff's answer provided that damages would exceed $50,000 "together with" costs, attorneys fees and interests, however, the answer then asked for interest, costs, and fees, "in addition" to the $50,000. In this respect, the answer is perplexing, and it takes great effort to read it in the manner plaintiff suggests the Court should. Regardless, I conclude that even if the costs, fees, and interest were not included in the $50,000, defendant still has not carried its burden of proof.