Charmaine QUARLES, Plaintiff,

v.

GERMANTOWN HOSPITAL AND COMMUNTIY HEALTH SERVICES, Lisa Wenger, M.D., Retired Persons Services, Inc., a/k/a, Aarp Pharmacy Service, and Cigna Corporation d/b/a, Cigna Healthcare, Defendants.

No. 00–3794.

United States District Court, E.D. Pennsylvania.

Nov. 28, 2000.

Lee S. Bender, Philadelphia, PA, for plaintiff.

Amalia Romanowicz, Philadelphia, PA, for defendants.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Now before the Court are the motions of defendants Cigna HealthCare of Pennsylvania ("Cigna") (Document No. 9) and defendant Retired Persons Services, Inc. ("RPS") (Document No. 10), to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the motion of plaintiff Charmaine Quarles to remand (Document No. 8) to the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. § 1447(c). Upon consideration of the motions, the responses, and the pleadings, the motion to remand will be granted and the motions to dismiss will be referred to the state court for resolution.

According to her complaint, on July 8, 1999, plaintiff sliced her hand on broken glass while washing dishes and sought treatment at the emergency room of defendant Germantown Hospital. Plaintiff alleges that she suffered major, permanent injuries to her hand and arm as a result of the negligence of the treating physician, Dr. Lisa Wenger, and Germantown Hospital. Plaintiff also asserts claims of negligence and breach of contract, against her employer, Retired Persons Services, Inc., alleging that RPS failed to activate her insurance coverage within the appropriate time period and thus caused her to be

denied treatment by health care providers. Finally, plaintiff alleges that Cigna was negligent, breached its contract with plaintiff, and acted in bad faith in denying coverage to plaintiff.

Plaintiff filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on June 28, 2000. Cigna removed the case to the United States District Court for the Eastern District of Pennsylvania on July 26, 2000 (Document No. 1). Cigna and RPS have filed motions to dismiss for failure to state a claim, and plaintiff seeks remand on the ground that no federal question is presented.[1] Defendants argue that Plaintiffs claims are preempted by the Employee Retired Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001–1461 (1988), that remand is improper, and that the case should be dismissed.

■ Rule 12(b) of the Federal Rules of Civil Procedure provides that "the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Because the Federal Rules of Civil Procedure require only notice pleading, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A motion to dismiss should be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ On a motion to remand, the defendant bears the burden of proving by a preponderance of the evidence that removal was proper and that the district court

has subject matter jurisdiction. *See Irving v. Allstate Indem. Co.*, 97 F.Supp.2d 653, 654 (E.D.Pa.2000) (citing *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222 (3d Cir.1999)).

■ Both the motions to dismiss and the motion to remand hinge on the same question: whether plaintiff's claim is preempted under the terms of ERISA. Therefore, I turn to a consideration of the circumstances under which ERISA preempts a cause of action brought under state law. There are two types of preemption that arise in the ERISA context: (1) "complete preemption" under section 502(a); and (2) "express preemption" under section 514(a).

■ The complete preemption question revolves around whether the complaint states a federal cause of action that confers subject matter jurisdiction on this Court. The venerable "well-pleaded complaint" rule requires a federal question to appear on the face of a complaint for a court to exercise subject matter jurisdiction. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). There is a narrow exception to this rule, however, where "Congress ... so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The complete preemption doctrine essentially confers federal subject matter jurisdiction over state claims against employer-related insurance companies and health maintenance organizations into federal actions arising under ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

As plaintiff and defendants recognize, *Dukes v. U.S. Healthcare*, 57 F.3d 350 (3d Cir.1995), *cert. denied*, 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995), lights

---

1. I note that plaintiff does not allege any      procedural defect in the removal process.

the way for our inquiry. There, the Court of Appeals for the Third Circuit considered whether negligence claims against a health maintenance organization (HMO) were covered by ERISA. In analyzing whether the claim was preempted by ERISA, the court drew a distinction between claims that allege a claim for benefit due under insurance plan (and thus object to the quantity of the care) and claims that attack the quality of the benefit received by the plaintiff.[2] The court found that former claims are completely preempted by ERISA and the latter are not. *Id.* at 355. The court then looked to plaintiffs' complaints and determined that they did not allege the denial of a benefit and instead challenged the quality of care under agency and negligence principles. *Id.* at 359; *see also Bauman v. U.S. Healthcare, Inc. (In re: U.S. Healthcare, Inc.)*, 193 F.3d 151, 161–162 (3d Cir.1999), *cert. denied,* U.S., — U.S. —, 120 S.Ct. 2687, 147 L.Ed.2d 960 ( 2000).

■ As discussed in my decision in *Spear v. Richard J. Caron Found.,* No. 99–0706, 1999 WL 768299, 1999 U.S. Dist. LEXIS 14910 (E.D.Pa. Sept. 28, 1999), the Court must look to the language of the complaint to answer the quality/quantity question posed by *Dukes. See* id. at *2 ("I am much more comfortable reading the language of a complaint than minds of the plaintiffs.") (citing *Bauman,* 193 F.3d at 163 (holding that the state law claims were not preempted because "[t]he counts are phrased in terms of the quality of the medical care provided")). If a plaintiff makes a claim to recover benefits, and a challenge to the *quantum* of the benefits received by plaintiff is plain on the face of the complaint, then plaintiff's claim is completely preempted by ERISA. If, however, it is clear from the face of the

complaint that plaintiff is challenging the quality of the care received, plaintiff's claim is not completely preempted.

■ The Court of Appeals for the Third Circuit acknowledged in *Bauman* that "[t]here are some cases in which it may be difficult to distinguish between claims challenging the quality of benefits rather than their quantity." *Bauman,* 193 F.3d at 162. This is one of those cases. Plaintiff on one hand alleges that she was denied coverage, and on the other hand avers that as a result of the denial of coverage, the quality of the care she received was deficient. While plaintiff's case falls in the twilight between a quantity and a quality claim, I believe there is a polestar that guides us to the answer: the gravamen of plaintiff's claims. The interstitial nature of plaintiff's claim demands that the Court focus on the central basis and gravamen of the claims to discern where, along the quantity/quality continuum, plaintiff's claims fall.

Upon a careful review of the complaint, I conclude that plaintiff's claims are closer to a challenge to the quality of medical care received. In each count against RPS and Cigna, plaintiff's fundamental claim is that because of the acts or omissions of RPS and Cigna, "plaintiff was denied timely, adequate and appropriate medical treatment and suffered the injuries and damages hereinbefore described." (Complaint, at ¶¶ 19, 25, 32, 39.) While plaintiff alleges that Cigna and RPS failed to provide health care coverage, the denial of coverage is antecedent and ancillary to plaintiff's central complaint, which is the deficient medical treatment she received. *See Bauman,* 193 F.3d at 164 ("The mere fact that the Baumans referred in their complaint to a benefit promised by their health plan does not automatically convert

---

2. The distinction the court drew in *Dukes* was based on the language of § 502(a)(1)(B) of ERISA, which states, in part:

A civil action may be brought -
(1) by a participant or beneficiary—...
  (B) to recover benefits due to him under the terms of his plan, to enforce rights

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
29 U.S.C. § 1132(a)(1)(B). The court found that claims to recover benefits due fell within language of the statute and were therefore preempted by ERISA.

their state-law negligence claim into a claim for benefits under section 502."). The failure to provide coverage matters to plaintiff's claims only insofar as it affected the quality of the medical care plaintiff received.

Nowhere in the complaint does plaintiff seek the payment of medical bills or the payment of benefits due under the health care plan. *See Bauman*, 193 F.3d at 162. I do not believe this to be a case of "artful pleading," carefully crafted to defeat complete preemption. Rather, I believe plaintiff's allegations and her claims for relief all center around the fact that she did not receive adequate medical care. Thus, while plaintiff's complaint includes allegations that benefits were denied to her, I conclude that the gravamen of her claims is that defendants' breaches of contract and negligence caused her to receive substandard medical care.

■ While I conclude that no federal claim is apparent on the face of the complaint and therefore the doctrine of complete preemption does not apply here, I also believe that plaintiff's state claim could be expressly preempted by § 514(a) because it "relates to" an employee benefit plan. Nevertheless, under such circumstances, this Court "cannot resolve the dispute regarding express preemption," because it lacks removal jurisdiction. *Bauman*, 193 F.3d at 165 (quoting *Dukes*, 57 F.3d at 355). Therefore, this action and the rulings on the motions to dismiss will be remanded to the state court where preemption under § 514 may be considered.