Jeffrey A. REVELLO, DPM

v.

**The PAUL REVERE LIFE INSURANCE COMPANY**

No. CIV.A. 02–CV–1237.

United States District Court,
E.D. Pennsylvania.

Sept. 24, 2002.

Leo T. White, Valley Forge, PA, for Plaintiff.

Elizabeth A. Venditta, White and Williams, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before the Court on motion of the defendant, Paul Revere Life Insurance Company to dismiss the plaintiff's complaint on the grounds that the claims raised therein are pre-empted by the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* ("ERISA"). For the reasons which follow, that motion is denied.

### Factual Background

In October, 1995, the defendant issued a disability insurance policy to the plaintiff, a podiatrist, under which benefits would be paid in the event he should become totally disabled from working as the result of injury or sickness. Plaintiff contends that he thereafter paid the premiums on the policy in full each year such that the policy was in full force and effect when he was forced to terminate his employment as a podiatrist due to psychiatric illness on September 15, 1998. Although the defendant company initially denied Plaintiff's claim for benefits via letters dated June 4 and August 31, 1999, it did eventually accept the claim and sent Plaintiff a check for past due benefits on March 23, 2000. Nevertheless, Plaintiff brought this action for breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, fraud, bad faith, breach of statutory duties under the Pennsylvania Unfair Insurance Practices Act and for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Defendant now moves to dismiss all of the plaintiff's claims against it on the grounds that the disability insurance policy at issue was an "employee benefit" within the meaning of ERISA. Consequently, Defendant argues, these claims are preempted.

### Standards for Ruling on 12(b)(6) Motions

Under Fed.R.Civ.P. 12(b)(6), a motion to dismiss may be granted only when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Quarles v. Germantown Hospital & Community Health Services,* 126 F.Supp.2d 878, 880 (E.D.Pa.2000) (quoting *Hishon* ). The Court must accept all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff when determining whether, under any reasonable reading of the pleadings, the plain-

tiff may be entitled to relief. *See: Lake v. Arnold,* 232 F.3d 360, 365 (3d Cir.2000); *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). A Rule 12(b)(6) motion should be granted only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir.1997).

### Discussion

It is the general purpose and policy of ERISA to regulate and protect the interests of participants and beneficiaries of employee benefit and pension plans by, *inter alia,* establishing standards of conduct, responsibility and obligation for fiduciaries of these plans and by providing for "appropriate remedies, sanctions and ready access to the Federal courts." 29 U.S.C. § 1001(b), (c). To that end and except under certain limited circumstances, ERISA's provisions supercede or preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). Under 29 U.S.C. § 1002,

> (1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

> .    .    .    .    .

> (5) The term "employer" means any person acting directly as an employer or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

> .    .    .    .    .

> (6) The term "employee" means any individual employed by an employer.

In this case, Defendant avers that Dr. Revello's disability insurance policy was "part of an employee welfare benefit plan, as it was issued pursuant to an Employee Security Plan whereby Plaintiff and the other employees on the plan, identified in the Application as Michelle Revello and Julius Meister, were given a 15% group discount on the premiums under the Employee Security Plan." (Defendant's Motion to Dismiss at ¶ 7). Plaintiff denies that his disability insurance was part of a benefit plan provided by his employer and argues that even if the Court should find that a "plan" existed, the evidence demonstrates that it was not established or maintained by an employer and is thus exempt from ERISA under the Safe Harbor Provision set forth in the Department of Labor's regulations at 29 C.F.R. § 2510.3–1(j).[1]

---

1.  That provision states, in relevant part:

    ... For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

    > (1) No contributions are made by an employer or employee organization;

■ The existence of an ERISA plan is a question of fact, to be answered in light of all of the surrounding circumstances from the point of view of a reasonable person. *Schneider v. UNUM Life Insurance Company of America,* 149 F.Supp.2d 169, 175 (E.D.Pa.2001). A plan will be found to exist when, from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing and procedures for receiving benefits. *Smith v. Hartford Insurance Group,* 6 F.3d 131, 136 (3d Cir.1993).

The evidence offered for the disposition of the motion to dismiss in this case is scant. As sole support for its motion,[2] Defendant relies upon a notation which appears under the "Remarks" section on the last page of the Plaintiff's and his wife's applications for insurance which read:

ESP Multi DI Discount

Others on plan-Michelle Revello App # 21281

    Julius Meister 01027567160

*15% ESP DI Discount*

Others on plan Jeffrey A. Revello, DPM App # 21280

Julius Meister # 01207567160

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

NAFYC–762–

In further support of its argument, Defendant cites to Judge Shapiro's recent decision in *Brown v. The Paul Revere Life Insurance Company,* Civ. No. 01–1931 that "[w]here an employer provides its employees benefits they can not receive as individuals, it has contributed to an ERISA plan," and holding that the availability of a 15% discount took a disability insurance policy outside the Safe Harbor Provision. In as much as we do not reach the issue of the applicability of the Safe Harbor Provision for the reasons discussed *infra,* we find that *Brown* does not apply here.[3]

■ We thus turn now to the threshold issue in this case, i.e., whether the policy at issue meets the definition set forth in 29 U.S.C. § 1002. Indeed, it appears from a reading of the policy itself and the application therefor that the intended benefits were disability payments in the amount of $2,470 per month, the class of beneficiaries consisted of Plaintiff and/or his wife, the source of financing was the Plaintiff's personal payment of annual premiums and the benefits were to be paid directly to the Plaintiff as the insured. There simply is no evidence on this record to refute that

**2.** None of the other evidence presented here is dispositive-indeed, the only thing that is clear from the deposition testimony of the plaintiff and Jules Meister and the other exhibits is that it is *unclear* whether the plaintiff and his wife were employees of Somerton Industrial Medicine or independent contractors.

**3.** To the extent that *Brown* may be read to hold that an employer's provision of a group discount equates to its establishment or maintenance of an employee welfare benefit plan, we must respectfully disagree. Indeed, a discounted rate is the very essence of a group insurance plan-it is what distinguishes it from an individual policy.

the plaintiff directly paid the policy's premiums himself out of his own pocket, to demonstrate that the disability policy was established or maintained by Plaintiff's employer, or that Somerton Industrial Medicine in any way endorsed or received consideration from Paul Revere for Plaintiff's policy. Thus, accepting the allegations of the complaint here as true and viewing them in the light most favorable to the plaintiff, we cannot find that the disability insurance policy at issue was part of an employee welfare benefit plan within the meaning of ERISA. Accordingly, we need not reach the issue of whether the Safe Harbor Provision applies and the defendant's motion to dismiss is denied.[4]

## ORDER

AND NOW, this 24th day of September, 2002, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Responses thereto, it is hereby ORDERED that the Motion is DENIED.

4. In the event that the defendant should obtain additional evidence to sustain its claim that the plaintiff's policy was established or maintained by Plaintiff's employer, it is free to revisit this issue via summary judgment.